Roberta L. Steele, Regional Attorney
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave, 5th Floor W
P.O. Box 36025
San Francisco, CA 94102

Damien A. Lee, Assistant Regional Attorney
Amos B. Blackman, Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 576-3027
Email: amos.blackman@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>COVIUS SERVICES, LLC,<br><br>Defendant. | CIVIL ACTION NO: 2:23-cv-186<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA"), and Title I of the Civil Rights Act of 1991, Pub. L. 102-166, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kelli Ebert, who is adversely affected

by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant Covius Services, LLC violated the ADA when it did not hire Ebert because of disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1), (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Washington.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4. At all relevant times, Defendant Covius Services, LLC has been a Delaware corporation employing more than 500 employees in each of twenty (20) or more

/ /

1 weeks in 2020, registered with the State of Washington, and doing business in the
2 County of Spokane, Washington.
3 5. At all relevant times, Defendant has continuously been an employer engaged
4 in an industry affecting commerce under Sections 101(2) of the ADA, 42 U.S.C.
5 § 12111(2), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which
6 incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C.
7 § 2000e(g)–(h).
8 6. At all relevant times, Defendant has been a covered entity under Section
9 101(2) of the ADA, 42 U.S.C. § 12111(2).

10 <center>ADMINISTRATIVE PROCEDURES</center>

11 7. More than thirty (30) days prior to the institution of this lawsuit, Ebert filed
12 a charge of discrimination with the EEOC alleging that Defendant did not hire her
13 because of disability, in violation of the ADA.
14 8. By letter dated August 2, 2022, the EEOC issued to Defendant a
15 Determination finding, *inter alia*, that Defendant declined to hire Ebert based on
16 disability in violation of the ADA, and it invited Defendant to join with the EEOC
17 in informal methods of conciliation to endeavor to eliminate the discriminatory
18 practices and provide appropriate relief.
19 9. The EEOC engaged in communications with Defendant to provide
20 Defendant the opportunity to remedy the discriminatory practices described in the
21 Determination.
22 10. The EEOC was unable to secure from Defendant a conciliation agreement
23 acceptable to the EEOC.

11. By letter dated September 14, 2022, the EEOC issued to Defendant a Notice of Failure of Conciliation, notifying Defendant of the EEOC's determination that efforts to conciliate Ebert's charge had been unsuccessful and that further conciliation efforts would be futile or non-productive.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least March 6, 2020, Defendant has engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Defendant discriminated against Ebert when it refused to hire her on the basis of disability and because it regarded her as disabled, in violation of Section 102(a) of the ADA.

14. Ebert is a qualified individual with a disability who, under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102, 12111(8), can perform the essential functions of Defendant's position of non-escrow tax specialist with or without reasonable accommodation.

15. Since approximately age sixteen (16), Ebert has had the disability of chronic migraines. When not ameliorated by medication, Ebert's migraines are wholly debilitating: the pain is 7–9 on the pain scale, she experiences severe nausea, and, at times, she is unable to walk around or to eat without vomiting. Before being prescribed medication, Ebert had twenty-five (25) to thirty (30) migraine days a month from approximately 2008–2012. In recent years, Ebert has a migraine once or twice a year that is so severe that she cannot control the pain at home and must go the emergency room.

16. Ebert also has the disability of fibromyalgia, which was diagnosed around 2008–2009. Although episodic, when triggered, the fibromyalgia causes severe pain throughout her body, which particularly affects her legs. Her fibromyalgia substantially limits the major life activities such as walking, using the bathroom, and getting in and out of bed; for example, she has needed her spouse's assistance to do these activities during severe episodes. Before being prescribed medication, during one extreme fibromyalgia episode in 2008, Ebert was wheelchair bound for approximately six (6) months.

17. To treat her chronic migraines and fibromyalgia, Ebert has been prescribed several pain and migraine medications ("pain management") since before 2020.

18. Ebert was qualified for the Defendant's position of non-escrow tax specialist, as demonstrated by the qualifications for the position and Ebert's relevant experience.

19. According to Defendant's job description, the qualifications for the position in 2020 were "High School Diploma or GED; two (2) years college preferred and / or a minimum of one (1) year of experience, preferably in mortgage loan service or business-related field."

20. Ebert has an associate's degree in general studies from Columbia College awarded in October 2017.

21. As of March 2020, Ebert had more than one (1) year of experience in mortgage loan service and business-related fields, including positions where she assisted homeowners with their mortgage insurance and assisted customers in resolving property debt.

22. The essential job functions of Defendant's position of non-escrow tax specialist in 2020 were to procure, review, enter, and maintain tax bill data and provide customer service to clients concerning the same.

23. Based on her education and experience, Ebert would have been able to perform these essential job functions with or without reasonable accommodation.

24. On information and belief, Defendant's employees are permitted to take sick leave.

25. Ebert could have used the leave Defendant permits of its employees to seek medical treatment and/or recover from the intermittent and brief episodes of migraines and/or fibromyalgia that she experiences.

26. Alternatively, it would have been a reasonable accommodation for Defendant to provide Ebert with leave and/or exceptions to its attendance policies to accommodate her need to seek medical treatment and/or recover from the intermittent and brief episodes of migraines and/or fibromyalgia that she experiences.

27. On March 5, 2020, a third-party recruiter identified Ebert as a candidate for an open non-escrow tax specialist position with Defendant.

28. The next day, March 6, 2020, Defendant asked for an interview with Ebert, and the interview was promptly scheduled for later that same day.

29. Defendant's then-Tax Manager and Non-Escrow Tax Supervisor interviewed Ebert in person on March 6, 2020.

30. During the interview, Ebert discussed her prior job experience in mortgage- and business-related fields.

31. Also during the interview, Ebert disclosed that she has chronic migraines and fibromyalgia for which she was on pain management medication.

32. Defendant's then-Tax Manager made five (5) contemporaneous notes on a copy of Ebert's resume, of which two (2) were "- MIGRAINS [*sic*]" and "- PAIN MGMT Med's."

33. Defendant's interviewers told Ebert that they would follow up within twenty-four (24) hours, which she understood to be a positive response.

34. In fact, Ebert did not learn Defendant's decision until March 12, 2020.

35. On March 12, 2020, the third-party recruiter sent an email to Ebert in which she wrote:

> I left you a message yesterday but wanted to follow up with you in regards to the position with Covius. They thought you had great experience and were capable of completing the role, especially with your mortgage knowledge from previous roles. Unfortunately, they have their own prescreening process after extending an offer. You had mentioned you are on pain medication for your migraines which they were completely understanding about, but their prescreening process does not allow for pain medication as you would be working with finances. They would be interested in meeting with you again if everything were to get better!

36. This explanation for Defendant's refusal to hire Ebert was provided to the third-party recruiting company, in sum and substance, by Defendant's Non-Escrow Tax Supervisor.

//

COMPLAINT AND JURY DEMAND – PAGE 7

37. On information and belief, shortly before and shortly after refusing to hire Ebert, Respondent hired at least two (2) other individuals without disabilities who had similar or inferior qualifications to Ebert.

38. In March 2020, Defendant refused to hire Ebert because of her disabilities of chronic migraines and fibromyalgia and because it regarded Ebert as disabled in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

39. The effect of the practices complained of in paragraphs 13 through 38 above has been to deprive Ebert of equal employment opportunities and otherwise adversely affect her because of her disabilities and because Defendant regarded her as disabled.

40. The unlawful employment practices complained of in paragraphs 13 through 38 above were intentional.

41. The unlawful employment practices complained of in paragraphs 13 through 38 above were committed with malice or with reckless indifference to Ebert's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates based on disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with

disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Ebert whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in in paragraphs 13 through 41 above.

D.  Order Defendant to make Ebert whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 through 41 above, in amounts to be determined at trial.

E.  Order Defendant to make Ebert whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 through 41 above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

F.  Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 13 through 41 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper to the public interest.

H.  Award the EEOC its costs of this action.

//

//

//

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by this Complaint.

DATED this 29th day of June 2023.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

BY: /s/Roberta L. Steele
Roberta L. Steele
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave, 5th Floor W
P.O. Box 36025
San Francisco, CA 94102
Telephone (650) 684-0939
roberta.steele@eeoc.gov

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507

BY: /s/Damien A. Lee
Damien A. Lee
Assistant Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 576-3038
damien.lee@eeoc.gov

BY: /s/Amos B. Blackman
Amos B. Blackman
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Seattle Field Office
909 1st Avenue, Suite 400
Seattle, Washington 98104
Telephone (206) 576-3027
amos.blackman@eeoc.gov

<div style="text-align:center">Attorneys for Plaintiff EEOC</div>

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

DATED this 29th day of June 2023.

/s/Jimmy J. Yen
JIMMY J. YEN
Paralegal Specialist
Equal Employment Opportunity Commission
909 First Ave., Suite 400
Seattle, Washington 98104
Telephone (206) 576-3043
jimmy.yen@eeoc.gov