Roberta L. Steele, Regional Attorney
Damien A. Lee, Assistant Regional Attorney
Amos B. Blackman, Senior Trial Attorney
Gregory A. Hitzel, Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 576-3029
Attorneys for Plaintiff

Suzanne K. Michael
Dean L. Petitta
Fisher & Phillips LLP
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-2308
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　　　Plaintiff,<br>　　v.<br>COVIUS SERVICES, LLC,<br>　　　　　　Defendant. | No. 2:23-CV-00186-TOR<br><br>STIPULATED PROTECTIVE ORDER |

1.  **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 5.2(e) and 26(c). It does not confer blanket

STIPULATED PROTECTIVE ORDER – 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include documents, tangible things, discovery responses, testimony, information, or other material disclosed by parties or third parties that contain or disclose:

(a) physical health, mental health, or other healthcare information;

(b) personal demographic and identifying information, including but not limited to, social security numbers, birthdate, immigration information or status, or passport numbers;

(c) current home address for any party, witness, or potential witness;

(d) Defendant's financial information and trade secrets, and copyrights and patents that are not already a matter of public record; and

(e) tax documents; and

(f) other material that is designated confidential by court order, by court rule, or by statute.

Non-party custodians may affirmatively choose to become bound by this order in producing documents, records, or testimony in this case. However, if a non-party custodian does not cooperate as required by section 4.3 or section 6.2 below, it waives confidentiality as to the designations at issue.

Documents that would be designated confidential solely because they contain information under section 2(b) or 2(c) above need not be designated "confidential." Instead, the receiving party shall maintain the confidentiality of such information,

STIPULATED PROTECTIVE ORDER – 2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

including personal demographic and identifying information or current home address of any party, witness, or potential witness, contained within documents produced in discovery as if it had been designated as confidential by the producing party. When filing a document that is confidential solely because it contains information under section 2(b) or 2(c) above, the receiving party must either follow the procedure set forth in section 4.3 below *or* redact such information, such as the personal demographic and identifying information or current home address of any party, witness, or potential witness.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1. Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. Pages of

STIPULATED PROTECTIVE ORDER – 3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement.

    4.2.  <u>Disclosure of Confidential Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)  the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)  Defendant's officers, directors, and employees to whom disclosure is reasonably necessary for this litigation;

    (c)  Plaintiff EEOC's attorneys, litigation support staff, and Enforcement Unit staff;

    (d)  the Charging Party Kelli Ebert;

    (e)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)  the Court, court personnel, and court reporters and their staff;

    (g)  copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (h)  witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

STIPULATED PROTECTIVE ORDER – 4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

unless otherwise agreed by the designating party or ordered by the Court;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) mediators or other persons engaged in alternative dispute resolution and their staff.

4.3. <u>Filing Confidential Material</u>. If any party intends to, or expects that it may, file confidential information or documents with the Court for any reason, or use confidential information or documents in any hearing or other Court proceeding, that party may either:

(a) Give the party who designated the document or other information as confidential three (3) days written notice ("Notice"), identifying the specific information or documents the party intends or expects to file or use so as to permit the designating party to decide, based on its good faith review of the identified information and/or documents, whether to apply to the Court for an order to seal such information or documents pursuant to Fed. R. Civ. P. 5.2, to allow the filing party to file with stipulated redactions, or to rescind the confidential designation entirely and file the entire document publicly. If any party believes that a document or information was inappropriately filed under seal, they will agree to meet and confer regarding the sealed document or information prior to seeking judicial intervention regarding the dispute. If such a motion to seal is made, the party giving Notice shall not file or use the confidential information or documents until the Court has ruled on the motion; the party may, however, file pleadings with the Court indicating that its filing will be supplemented as appropriate after the Court's ruling on the motion to seal; or

(b) If identification of the specific information or documents is not

STIPULATED PROTECTIVE ORDER – 5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

possible three (3) days before filing or use, the party intending to file or use confidential information or documents will file a redacted version of the document that does not include the confidential information and will serve upon all other parties (and provide to the Judge's chambers) an unredacted version of the document so as to allow the designating party an opportunity to justify why such confidential information should be sealed pursuant to Fed. R. Civ. P. 5.2.

Where the Notice has been provided in connection with Subparagraph 4.3(a) above, or where a redacted document has been filed pursuant to this Subparagraph 4.3(b), the party wishing to file a motion to seal the confidential information shall so move within three (3) days of service of the Notice or motion. If no such motion is timely made, the party intending to use confidential information or documents can proceed with filing such information or documents unredacted.

4.4. <u>EEOC Enforcement Activities</u>. Notwithstanding the above provisions, the EEOC may use any information designated confidential in furtherance of its enforcement activities in any other matter in which the party designating such information as confidential has been named as a party, but it must treat such information as confidential until the confidential designation is withdrawn either by agreement of the designating party or by court order.

5. DESIGNATING PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or documents for protection under this agreement must take care to limit any such designations to only those parts that qualify as confidential, such that other portions for which protection is not warranted are not unjustifiably included.

Mass, indiscriminate, or routinized designations are prohibited. Designations

STIPULATED PROTECTIVE ORDER – 6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations. The Parties will make reasonable efforts to designate material as confidential before or when the material is disclosed or produced. Inadvertent failure to designate information or documents as confidential at the time of production pursuant to this Stipulation may be remedied by supplemental written notice given by the designating party. Upon receipt of such notification, all information, documents, materials, or testimony so designated or re-designated shall be fully subject to this Stipulation as if they had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment or disclosure of such information or documents in accordance with its original designation.

(a)    Information in documentary form: Paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings, shall be designated confidential by affixing the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party may designate and produce the entire page as confidential and separately produce an undesignated copy redacting the confidential portions.

(b)    Testimony given in deposition or in other pretrial proceedings: the

STIPULATED PROTECTIVE ORDER – 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

1   parties and any participating non-parties must identify on the record, during the
2   deposition or other pretrial proceeding, all protected testimony, without prejudice
3   to their right to so designate other testimony after reviewing the transcript. Any
4   party or non-party may, within thirty (30) days after receiving the transcript of the
5   deposition or other pretrial proceeding, designate portions of the transcript, or
6   exhibits thereto, as confidential.  If a party or non-party desires to protect
7   confidential information at trial, the issue should be addressed during the pre-trial
8   conference.

9        (c)   <u>Other tangible items</u>: the producing party must affix in a prominent
10  place on the exterior of the container or containers in which the information or item
11  is stored the word "CONFIDENTIAL." If only a portion or portions of the
12  information or item warrant protection, the producing party, to the extent
13  practicable, shall identify the protected portion(s).

14       6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

15       6.1.  <u>Timing of Challenges</u>. Any party or non-party may challenge a
16  designation of confidentiality at any time by providing written notice to the
17  designating party. Unless a prompt challenge to a designating party's confidentiality
18  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary
19  economic burdens, or a significant disruption or delay of the litigation, a party does
20  not waive its right to challenge a confidentiality designation by electing not to
21  mount a challenge promptly after the original designation is disclosed.

22       6.2.  <u>Meet and Confer</u>. The parties must make every attempt to resolve any
23  dispute regarding confidential designations without court involvement. Any motion
24  regarding confidential designations or for a protective order must include a
25  certification, in the motion or in a declaration or affidavit, that the movant has

STIPULATED PROTECTIVE ORDER – 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

attempted in good faith to meet and confer with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3. <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7. <u>PROTECTED MATERIAL IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as confidential, that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement and related Court Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

STIPULATED PROTECTIVE ORDER – 9

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement and related Court Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 9. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d).

### 10. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product,

STIPULATED PROTECTIVE ORDER – 10

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

and consultant and expert work product, even if such materials contain confidential material. The parties acknowledge that this agreement does not affect the EEOC's obligation to maintain copies of files pursuant to the Federal Records Act.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise.

DATED this 13th day of September, 2024.

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | FISHER & PHILLIPS LLP |
|---|---|
| /s/Gregory A. Hitzel | /s/Dean Petitta |
| Roberta L. Steele | Suzanne K. Michael |
| Damien A. Lee | Dean L. Petitta |
| Amos B. Blackman | 1700 7th Avenue, Suite 2200 |
| Gregory A. Hitzel | Seattle, WA 98101 |
| Seattle Field Office | Email: smichael@fisherphillips.com |
| 909 First Avenue, Suite 400 | Email: dpetitta@fisherphillips.com |
| Seattle, Washington 98104 | *Attorneys for Defendants* |
| Telephone (206) 576-3029 | |
| Facsimile (206) 220-6911 | |
| Email: gregory.hitzel@eeoc.gov | |
| *Attorneys For Plaintiff* | |

STIPULATED PROTECTIVE ORDER – 11

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

1   PURSUANT TO STIPULATION, IT IS SO ORDERED

2   IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the
3   production of any documents in this proceeding shall not, for the purposes of this
4   proceeding or any other federal or state proceeding, constitute a waiver by the
5   producing party of any privilege applicable to those documents, including the
6   attorney-client privilege, attorney work-product protection, governmental
7   deliberative process privilege, or any other privilege or protection recognized by
8   law.

9   DATED: September 16, 2024.



_____
THE HONORABLE THOMAS O. RICE
United States District Court Judge

STIPULATED PROTECTIVE ORDER – 12

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on [date] in the case of EEOC v. Covius Services, LLC, No. 2:23-CV-00186-TOR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Signature: _____

Name Printed: _____

City, State: _____

STIPULATED PROTECTIVE ORDER – 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882