1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | NO. 2:23-CV-0186-TOR |
| Plaintiff, | ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND EXHIBIT LISTS |
| v. | |
| COVIUS SERVICES, LLC, | |
| Defendant. | |

BEFORE THE COURT are Defendant's Motion *in Limine* (ECF No. 43);

Plaintiff's Motions *in Limine* (ECF Nos. 46, 48, 49, 50, 51, 52, 53, 55);

Defendant's Objections to Plaintiff's Witness List (ECF No. 57); Defendant's

Objections to Plaintiff's Witness and Exhibits Lists (ECF No. 45); Plaintiff's

Objections to Defendant's Witness and Exhibits Lists (ECF No. 54); and Plaintiff's

Objections to Defendant's designations of depositions for certain witnesses (ECF

Nos. 61, 62, 63, 64, 65, 66). Oral argument was held on January 8, 2025. The

Court has reviewed the record and files herein, the completed briefing, and the

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND
EXHIBIT LISTS ~ 1

parties' arguments.  For the reasons discussed below, the parties' motions and objections are **GRANTED in part and DENIED in part**.

**DISCUSSION**

## I. Motions *In Limine*

### A.    Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area."  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  *In limine* rulings are "subject to change when the case unfolds . . . even if nothing unexpected happens at trial."  *Luce v. United States*, 469 U.S. 38, 41-42 (1982); *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005).

### B.  Parties' Joint Motion *in Limine* (ECF No. 46)

The Court **grants** the parties' jointly stipulated motions *in limine* stating as follows:

1. The Parties will not present evidence, reference, or argument to the Parties' settlement communications.

2. Covius will not make disparaging references regarding the EEOC or the Federal Government that do not relate to a specific claim or defense at issue at trial. Likewise, the EEOC will not make disparaging references

regarding Covius Services, LLC that do not relate to a specific claim or defense at issue at trial.

3. The Parties will not present evidence, argument or reference to the statutory cap on damages under the Americans with Disabilities Act.

4. The Parties will not refer to the outcome of Covius's motion for summary judgment in the presence of the jury.

### C.    Defendant's Motions *In Limine* (ECF No. 43)

#### 1.    Prior Motions

Defendant moves to prohibit the parties from discussing the outcome of prior motions to the jury as a basis for liability.  Plaintiff argues it already agreed to not discuss the outcome of Defendant's motion for summary judgment before the jury (ECF No. 46), however, with regard to any other unspecified motion, Defendant's motion should be denied.  Without the added benefit of the context in which a discussion of a prior motion would be used, the Court cannot make a decision to exclude any such discussion at this time, therefore, it **reserves** ruling on this issue for now.

#### 2.    Dr. Takisaki's Testimony

Defendant argues that Ms. Ebert's treating provider, Dr. Bryan Takisaki, is not an expert witness and is therefore only limited to testifying about his personal observations of Ms. Ebert while treating her.  Plaintiff argues that as the treating

1   physician, Dr. Takisaki is not limited to only testifying about his "observations"

2   but is allowed to provide his medical opinion if formed during the course of

3   providing treatment. A treating physician may testify without producing a written

4   report as required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) if the

5   testimony is limited to medical opinions formed during the course of treatment.

6   *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir.

7   2011). "[A] treating physician may be allowed to opine even as to causation if the

8   opinion was formed during the course of providing treatment, regardless of

9   submission of an expert report."

10      Dr. Takisaki can testify as to Ms. Ebert's limitations he observed during the

11   course of treatment. This may include his medical opinions of diagnoses and Ms.

12   Ebert's ability to perform life activities if formed during the course of treatment.

13   However, he cannot testify as to the ways Ms. Ebert's disabilities substantially

14   limited her major life activities if Dr. Takisaki did not make that determination in

15   the course of providing treatment. In other words, he cannot testify as to any new

16   medical opinions developed for the purposes of litigation without having disclosed

17   them in an expert report. Defendant's motion is **granted in part**.

18          3. Kevin Miller and Ann Thom Subpoenas

19      Defendant requests that Plaintiff be precluded from calling or issuing any

20   subpoenas compelling Kevin Miller ("Miller"), Defendant's Chief Financial

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND
EXHIBIT LISTS ~ 4

Officer ("CFO"), and Ann Thom ("Thom"), Defendant's Executive Vice President of Human Resources, to testify at trial.  As an initial matter, as Plaintiff points out, Rule 45 does not function as a categorical preclusion of calling any witnesses not within the state or within 100 miles of the courthouse, it relates to subpoenas. Thus, the Court cannot preclude Plaintiff from calling any witness that does not fit within Rule 45's limitations where no request to issue a subpoena has been made.

Second, the Court already addressed any subpoena or deposition power related to the testimony of Miller in its order, ECF No. 72, on Plaintiff's motion to compel production (ECF No. 58).  As for Thom, the Court cannot compel the live testimony of Thom if she is outside the Court's subpoena power as discussed for Miller.  However, if Defendant intends to produce Thom for live testimony, Plaintiff will have the opportunity to elicit testimony on cross-examination. Otherwise, the Court **grants in part** Defendant's motion.

### 4. Defendant as a Bad Actor

Defendant argues that Plaintiff should not be permitted to argue Defendant committed other misconduct beyond the claim at issue to portray it as a bad actor. Defendant anticipates Plaintiff intends to do so but does not further elaborate on what proposed evidence would be unfairly prejudicial.  Without knowing what evidence Defendant is referring to, the Court must **reserve** ruling on this motion at this time.

5.  <u>Defendant's Size, Resources, and Operations outside of Washington</u>

Defendant requests Plaintiff should not be permitted to discuss Defendant's size or its financial resources to the jury because it is irrelevant and unduly prejudicial.  Additionally, Defendant argues any evidence or testimony of Defendant's operations outside of Washington are irrelevant to this case.

Plaintiff argues this request should be denied for three reasons.  First, a central argument to Plaintiff's case is Defendant's problematic drug testing policies and inadequate personnel training which were developed by employees and executives outside the state of Washington.  Second, Defendant raised an "undue hardship" defense as to why it could not provide a reasonable accommodation to Ms. Ebert (ECF No. 7 at 10), and such a defense requires consideration of certain factors including the size and financial resources of Defendant.  42 U.S.C. § 12111(10)(B).  Finally, Plaintiff argues it has a viable punitive damage claim which permits evidence of Defendant's financial resources. *See Bains LLC v. Arco Prods. Co., Div. of Atl. Richfield Co.*, 405 F.3d 764, 777 (9th Cir. 2005).  The Court agrees that Defendant's size and financial resources are relevant and **denies** Defendant's motion to exclude them.  Additionally, Defendant's operations outside of Washington are relevant to the extent they relate to Defendant's training practices and drug testing policies.

1

### 6. Defendant's Lawyers and Law Firms

2      Defendant argues any discussion of its attorneys, where they are from and

3  the size of their firm, should be excluded as irrelevant.  Plaintiff agrees to this

4  request.  Therefore, the Court **grants** Defendant's motion and prohibits any

5  prejudicial remarks about the party attorneys or their law firms.

6

### 7. Unrelated Litigation

7      Defendant requests that Plaintiff be prohibited from presenting evidence of

8  other alleged or adjudicated misconduct by Defendant.  It argues such evidence

9  would be unduly prejudicial and inadmissible character evidence.  However, such

10  evidence could be permitted for other reasons other than character evidence.  Fed.

11  R. Evid. 404(b)(2).  Without the added benefit of the context in which such

12  evidence would be used, the Court cannot make a determination to exclude any

13  and all of it.  Therefore, it **reserves** ruling for trial.

14

### 8. Inflammatory Evidence

15      Defendant argues that any inflammatory evidence of Defendant, its

16  employees, and other witnesses should be excluded as it has no probative value

17  and would be unduly prejudicial.  In the event Plaintiff seeks to introduce relevant

18  but potentially inflammatory evidence, Defendant asks that it first do so outside the

19  presence of the jury.  Plaintiff argues that requiring it to preemptively raise any

20  relevant issue that might be inflammatory outside the presence of the jury

1  impermissibly burdens the Plaintiff with showing relevant evidence is not

2  substantially outweighed by unfair prejudice.

3        Under Rule 403 of the Federal Rules of Evidence the Court "may exclude

4  relevant evidence if its probative value is substantially outweighed by a danger of .

5  . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

6  time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule

7  403 has been characterized, however, 'as an extraordinary remedy to be used

8  sparingly because it permits the trial court to exclude otherwise relevant

9  evidence.'" *United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987)

10 (quoting *United States v. Meester*, 762 F.2d 867, 875 (11th Cir.), *cert. denied*, 474

11 U.S. 1024 (1985)). "Under the terms of the rule, the danger of prejudice must not

12 merely outweigh the probative value of the evidence, but *substantially* outweigh

13 it." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995).

14       Defendant has not identified any particular inflammatory evidence it

15 anticipates Plaintiff will use as evidence. As such, the Court will not place the

16 burden on Plaintiff to preemptively identify *any potentially* inflammatory evidence

17 for Defendant and raise the issue outside the presence of the jury. Particularly

18 when an exclusion based on a danger of prejudice must meet such a high bar as to

19 substantially outweigh any probative value of the evidence. If Plaintiff begins to

20 go down a path at trial Defendant believes justifies a Rule 403 exclusion, it may

raise an objection at that time.  Therefore, the Court **denies** Defendant's motion without prejudice to being renewed at trial.

As to Defendant's request that no mention of insurance or lack thereof should be mentioned to the jury, Plaintiff argues such information may be relevant as a rebuttal such as an attempt by Defendant's to argue they lack sufficient funds for any punitive damages.  ECF No. 71 at 11 (citing *Engman v. Ontario*, 2011 WL 2463178, at *10 (C.D. Cal. June 20, 2011).  Under Federal Rule of Evidence 411, evidence of liability insurance, or the absence of, may not be used to show proof of fault or lack thereof.  However, it may be used for other purposes.  Fed. R. Evid. 411.  The Court will permit evidence of any insurance only for purposes of rebuttal regarding punitive damages.  The Court **grants in part and denies in part** Defendant's request regarding insurance.

9. EEOC as "Special Status"

Defendant argues Plaintiff cannot suggest that because the EEOC is a government agency, it "must have gotten it right" when it commenced this action.  Plaintiff agrees that each party should be precluded from elevating or denigrating the EEOC based on its governmental entity status.  However, Plaintiff argues that it should be permitted to inform the jury the role the EEOC plays in this case.  The Court agrees.  Therefore, Defendant's motion is **granted** with the caveat Plaintiff may inform the jury of the EEOC's role in a jury instruction.

### 10. Hearsay Communications

Defendant argues certain statements should be excluded as inadmissible hearsay. Specifically, Aerotek employee, Brittany Ostrander's ("Ostrander") communications to Aerotek recruiter, Haleigh Richardson, formerly Haleigh Dobson ("Dobson"), about Ms. Diaz's feedback, and Dobson's voicemail email to Ms. Ebert and any testimony thereof. Plaintiff argues that Ms. Diaz's communications to Ostrander is not hearsay if Ostrander can testify as to Ms. Diaz's statements. Indeed, Ms. Diaz's statements are statements made by an opponent party's agent or employee on a matter within the scope of employment and thus fall within Federal Rule of Evidence 801(d)(2)(D)'s exception to hearsay.

Dobson's email to Ms. Ebert is less clear. The Court addresses this issue below under Plaintiff's motion *in limine* No. 2.

### 11. Defendant's Motions *in Limine*

Defendant requests no mention of its motions *in limine* be made at trial. Plaintiff agrees that the merits of any motions *in limine* need not be brought up but the parties should be permitted to mention the rulings when raising objections. Additionally, Plaintiff argues the parties should be able to preserve objections regarding evidence that was address in any motions *in limine*. "[W]here the substance of the objection has been thoroughly explored during the hearing on the motion *in limine,* and the trial court's ruling permitting introduction of evidence

1   was explicit and definitive, no further action is required to preserve for appeal the

2   issue of admissibility of that evidence." *Palmerin v. City of Riverside*, 794 F.2d

3   1409, 1413 (9th Cir. 1986). Therefore, where the Court's ruling on admissibility

4   of evidence was explicit and definitive in a motion *in limine* ruling, any objection

5   made therein is preserved for appeal. Otherwise, the parties may not mention the

6   merits of a motion *in limine* in front of the jury other than for purposes of

7   objections as contrary to motions *in limine* rulings.

8         12. <u>Demonstrative Evidence</u>

9         Defendant requests Plaintiff be required to provide copies of all

10   demonstrative exhibits to Defendant prior to presenting them to the jury. Plaintiff

11   agrees the parties should provide copies of any demonstratives they plan to use

12   during opening statements prior to trial but objects to a requirement requiring a

13   disclosure of all demonstratives prior to showing the jury. To mitigate any chance

14   of an unfair surprise, the Court will require that any party be given adequate notice

15   and opportunity to review any demonstrative evidence prior to the testimony at

16   which they will be utilized. *See Diederich v. Providence Health & Serv.*, 2016 WL

17   9241965, at *2 (W.D. Wash. Nov. 30, 2016), *aff'd in part sub nom. Diederich v.

18   Providence Health & Servs.*, 742 F. App'x 177 (9th Cir. 2018). The Court **grants**

19   Defendant's motion.

20

13. <u>Motions *in limine* Rulings Binding on Witnesses</u>

All witnesses of either party will be instructed to comply with these rulings. The Court **grants** Defendant's motion.

14. <u>Motion to Bifurcate</u>

In responding to Plaintiff's Motions *in Limine* Nos. 8 and 10, Defendant attaches a motion to bifurcate the trial (ECF No. 73). Defendant contends that Plaintiff's attempt to present evidence on Defendant's financial status is only relevant for its punitive damages claim, therefore, bifurcating the trial into a liability phase and punitive damages phase will promote judicial efficiency and spare Defendant undue prejudice. ECF No. 73 at 304.

Plaintiff responds that Defendant failed to properly note the motion for hearing in accordance with the set scheduling order and Local Rule 7. ECF No. 86. Additionally, Defendant's current position is inconsistent with its prior position that bifurcation was unnecessary (ECF No. 12 at 5). Finally, Plaintiff argues that Defendant raised an "undue hardship" affirmative defense to liability which makes its financial resources directly evident.

The Court agrees that Defendant's motion was both of improper procedure and untimely, therefore, the motion to bifurcate is **denied**.

//

//

**D. Plaintiff's Motions *in Limine***

1. Motion *in Limine* No. 2 (ECF No. 48)

Plaintiff requests an order establishing the March 12, 2020, email from Haleigh Richardson ("Dobson") to Ms. Ebert informing her she was not selected by Defendant for the Non-Escrow position as admissible. Defendant contends that the email qualifies as inadmissible hearsay. Plaintiff argues the email is admissible for purposes other than the truth of the matter asserted.

First, Plaintiff argues the email is evidence of the effect on Ms. Ebert after she was notified Defendant denied her the position. Plaintiff reasons that both Ms. Ebert learning she was not hired and the reasons she was not hired caused her emotional distress and the jury cannot understand the extent of this without the email evidence. The Court is not persuaded by this argument. The parties dispute whether the email accurately reflects Defendant's alleged reasons for not hiring Ms. Ebert, therefore, Plaintiff seeks to admit the email both for the purpose of showing Defendant did reject Ms. Ebert for her use of pain medication and the effect it had on her. Plaintiff even states "Ebert cannot adequately explain how her candidacy for the Covius position ended" without the email which is the very issue disputed in this case. ECF No. 48 at 5. Plaintiff's case law references are unavailing. In *Barnes v. Marriot Hotel Servs., Inc.*, 2017 WL 635474, at *4 (N.D. Cal. Feb. 16, 207), a statement by a hotel employee to plaintiff informing her a

1   room that could accommodate her was available was not hearsay because it was

2   used to show what plaintiff was led to believe rather than such a room was actually

3   available.  The legal reasoning in *Johnston v. Centurylink, Inc.*, 2012 WL 5295147,

4   at *5 (W.D. Wash. Oct. 26, 2012) is also distinguishable.  As the court there

5   explains, "evidence offered by an employer to show its lawful motivation for

6   discharging an employee is not hearsay because it is not offered for the truth of the

7   matter asserted," it is offered to counter a defendant's allegations of an unlawful

8   motive.  *Johnson*, 2012 WL 5295147, at *5.

9        That is not the case here.  Here, Plaintiff is arguing that the stated reasons in

10  the email *was* the actual discriminatory reason Defendant did not hire Ms. Ebert.

11  Likewise, the Court is not persuaded the email qualifies as a verbal act exception to

12  hearsay either.  "Out-of-court statements that are offered as evidence of legally

13  operative verbal conduct are not hearsay."  *United States v. Pang*, 362 F.3d 1187,

14  1192 (9th Cir. 2004).  "To be a verbal act, a statement must 'affect[ ] the legal

15  rights of the parties or [be] a circumstance bearing on the rights of the parties.'"

16  *United States v. Corona*, 359 F. App'x 848, 852 (9th Cir. 2009) (citing Fed. R.

17  Evid. 801(c), Advisory Committee Notes).  Dobson's email to Ms. Ebert is not a

18  legally operative verbal act, it was relaying a decision by Defendant.  Defendant's

19  decision not to hire Ms. Ebert is what affected her legal rights.

20

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND EXHIBIT LISTS ~ 14

Plaintiff next argues the email is admissible under the business record exception.  Under FRE 803(6), a record of an act, event, condition, opinion, or diagnosis is an exception to the rule against hearsay if:

> **(A)** the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> **(C)** making the record was a regular practice of that activity;
>
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

A "district court has wide discretion in determining whether a business record meets the trustworthiness standard." *United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999).  When it comes to emails, some courts have applied the five factor *Deepwater Horizon* framework in determining whether an email is an admissible business record:

> (1) it was sent or received contemporaneously with the events described in the email; (2) it was sent by someone with knowledge of the events documented in the email; (3) it was sent or received in the course of a regular business activity; (4) it is the producing [entity's] regular practice to send or receive emails that record the type of events documented in the email; and (5) a custodian or qualified witness attests that these conditions have been fulfilled.

1   *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on*

2   *Apr. 20, 2010*, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012); *Thomas v. Bronco*

3   *Oilfield Servs.*, 503 F. Supp. 3d 276, 291 n.11 (W.D. Pa. 2020); *Mays v. United*

4   *Ass'ns Loc. 290 Apprenticeship & Journeymen Training Tr. Fund*, 407 F. Supp. 3d

5   1121, 1142 (D. Or. 2019).

6          In applying the *Deepwater Horizon* framework, the Court's problem here is

7   Dobson did not have personal knowledge of the events in the email.  Plaintiff

8   asserts that Dobson had knowledge of Ms. Ebert's rejection from Ostrander who

9   had personal knowledge of the rejection from a conversation with Diaz, thereby

10  meeting the knowledge requirement.  However, Dobson did not communicate with

11  Diaz directly to learn of the rejection, therefore, she did not have personal

12  knowledge.  *See In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf*

13  *of Mexico, on Apr. 20, 2010*, 2012 WL 85447, at *3 ("[T]he inquiry [is] whether

14  the declarant–the composer of the email–possessed personal knowledge of the

15  information in the email.").  Therefore, the Court does not find the email

16  admissible under the business records exception.

17         Plaintiff finally argues that if the email is not admissible as a business

18  record, it should be admitted under the residual hearsay exception of FRE 807.

19  Under the residual hearsay exception, an otherwise inadmissible hearsay statement

20  is not excluded by the rule against hearsay if:

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND
EXHIBIT LISTS ~ 16

 **(1)** the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

**(2)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807.

"FRE 807 involves discretion.  It exists to provide judges a 'fair degree of latitude' and 'flexibility' to admit statements that would otherwise be hearsay." *United States v. Bonds*, 608 F.3d 495, 501 (9th Cir. 2010).  "[W]here a hearsay statement 'almost fit[s]' into other hearsay exceptions, the circumstance cuts in favor of admissibility under the residual exception." *Id.*

Here, the email *almost* fits into the business records exception.  The email was sent in the regular course of business and, as a recruiting agency, it was regular practice for its employees to send and receive emails of this sort of content with potential candidates.  Additionally, both Ostrander and Dobson are available to testify as to this business practice.  ECF No. 37.  Considering the totality of the circumstances, the Court finds the email bears sufficient guarantees of trustworthiness. *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 608 (9th Cir. 1993) ("A court's most important inquiry under this Rule is whether the proffered evidence has trustworthiness equivalent to that of the enumerated hearsay exceptions.").

1  Dobson sent the email soon after communicating with Ostrander, the statements in

2  the email were not self-serving nor made in anticipation of litigation, Dobson had

3  been regularly communicating with Ms. Ebert by email about the position, and

4  independent evidence exists, the noting of pain medication on Ms. Ebert's resume,

5  that could corroborate the email.

6      The second prong is also met.  The email is more probative of Defendants

7  alleged discrimination than any other evidence Plaintiffs have proffered.

8  Especially since Plaintiff asserts that due to the pass of time, Ostrander no longer

9  recalls her conversation with Diaz.  Therefore, the Court will admit the email

10  pursuant to FRE 807.  Plaintiff's motion is **granted**.

11      2.  Motion *in Limine* No. 3 (ECF No. 49)

12      Plaintiff requests an order permitting Haleigh Richardson ("Dobson") to

13  testify at trial as to the reasons she was told why Defendant did not hire Ms. Ebert

14  for the Non-Escrow position in its tax department in 2020.  Thus, Dobson would

15  be testifying as to what Ostrander told her.  Defendant counters Dobson's

16  testimony to be inadmissible hearsay.  ECF No. 69.  Plaintiff argues the statements

17  Ostrander made to Dobson are admissible as non-hearsay for their effect on the

18  listener.  ECF No. 49 at 3-4.  An out of court statement may be admitted showing

19  the effect it had, if any, on the actions and responses of the listener.  *Los Angeles*

20  *News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935 (9th Cir.)  ("LANS sought to

1    introduce it not to establish the truth of what Tur said, but to show that Tur's

2    request for the videotape led the station to send him the tape."). Here, Ostrander's

3    statements are admissible to explain why Dobson sent the email to Ms. Ebert. The

4    truth or falsity of the statement is irrelevant; rather it goes to what Dobson was

5    thinking at the time she wrote the email. However, the Court reserves the right to

6    issue a limiting instruction informing the jury they may not consider the statements

7    for the truth of the matter asserted. Plaintiff's motion is **granted**.

8        3. Motion *in Limine* No. 4 (ECF No. 50)

9        Plaintiff argues that the email from Ostrander to Ms. Diaz dated March 25,

10    2020, regarding Rosalee Sharnetsky is admissible as a recorded recollection. A

11    recorded recollection is "[a] record that: (A) is on a matter the witness once knew

12    about but now cannot recall well enough to testify fully and accurately; (B) was

13    made or adopted by the witness when the matter was fresh in the witness's

14    memory; and (C) accurately reflects the witness's knowledge." Fed.R.Evid.

15    803(5). Defendant has not filed a response with an objection stating otherwise.

16    The Court therefore **grants** Plaintiff's motion.

17        4. Motion *in Limine* No. 5 (ECF No. 51)

18        Plaintiff requests that no direct or indirect evidence, discussion, reference or

19    any arguments be made to the jury regarding Plaintiff's demand for injunctive

20    relief. It asks that any evidence pertaining only to injunctive relief be presented to

the Court outside the presence of a jury.  Defendant has not responded with any

objection.  Therefore, the Court **grants** Plaintiff's motion.

### 5. Motion *in Limine* No. 6 (ECF No. 52)

Plaintiff argues Defendant should not be permitted to offer direct or indirect

evidence, discussion, reference or any arguments to the jury regarding Defendant's

sale of its Spokane office or Defendant no longer operating in Spokane.  Defendant

has not responded with any objection.  Therefore, the Court **grants** Plaintiff's

motion.

### 6. Motion *in Limine* No. 7

Plaintiff's Motion *in Limine* No. 7 requests that the any evidence Defendant

discovered after December 21, 2020, the end of Ms. Ebert's wage loss period, is

irrelevant and inadmissible.  Defendant does not object, therefore, the Court **grants**

Plaintiff's motion.

### 7. Motion *in Limine* No. 8 (ECF No. 53)

Plaintiff's Motion *in Limine* No. 8 requests that Defendant be precluded

from arguing it will suffer financial harm by a plaintiff's verdict.  Defendant

argues that if Plaintiff can present evidence of Defendant's finances to justify

punitive damages, Defendant should be able to argue that an award of

compensatory damages weakens that justification.

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND
EXHIBIT LISTS ~ 20

1    Punitive damages serve as a deterrence and act as retribution for a

2  defendant's conduct. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408,

3  416 (2003). "Evidence of a [defendant]'s wealth is traditionally admissible as a

4  measure of the amount of punitive damages that should be awarded." *City of*

5  *Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 270 (1981). While juries are

6  generally given wide discretion in setting punitive damages, Due Process

7  "prohibits the imposition of grossly excessive or arbitrary punishments . . . ."

8  *Campbell*, 538 U.S. at 416. Thus, courts may adjust a punitive damage amount to

9  conform with due process after considering "(1) the degree of reprehensibility of

10 the defendant's misconduct, (2) the disparity between the actual or potential harm

11 suffered by the plaintiff and the punitive damages award, and (3) the difference

12 between the punitive damages awarded by the jury and the civil penalties

13 authorized or imposed in comparable cases." *Id.* at 418. Additionally, the jury

14 may also take into consideration the amount of compensatory damages awarded

15 against a defendant in calculating punitive damages. *See Bains LLC v. Arco Prods.*

16 *Co., Div. of Atl. Richfield Co.*, 405 F.3d 764, 775–76 (9th Cir. 2005) "[I]n

17 determining the correct amount of punitive damages, the jury could properly

18 consider . . . the $50,000 in compensatory damages awarded for breach of

19 contract."); *Campbell*, 538 U.S. at 416 ("Single-digit multipliers are more likely to

20 comport with due process . . . .").

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND
EXHIBIT LISTS ~ 21

The Court has found no authority, and Defendant cites to none, permitting the jury to consider a defendant's net worth for purposes of punitive damages after subtracting any awarded compensatory damages.  Additionally, any award of punitive damages is statutorily capped under 42 U.S.C. § 1981a.  Therefore, the Court **grants** Plaintiff's motion but will permit the jury to consider any award of compensatory damages as a general guiding post for determining punitive damages.

8. <u>Motion *in Limine* No. 9 (ECF No. 53)</u>

Plaintiff argues evidence of Defendant's financial resources is relevant and admissible for purposes of punitive damages and to rebut Defendant's undue burden defense.  The Court addressed this argument in its order on Defendant's motions *in limine* above, therefore, the Court **grants** Plaintiff's motion.

9. <u>Motion *in Limine* No. 10 (ECF No. 53)</u>

Plaintiff argues Defendant should not be permitted to use Ms. Ebert's medical records to attack Plaintiff's claims of her emotional distress.  Plaintiff contends the medical records are only relevant for purposes of establishing Ms. Ebert suffers from migraine and fibromyalgia disabilities that are treated with prescription medication.  Defendant argues that Ms. Ebert admitted to other stressors that may have had effects on her mental health in her deposition, and that Defendant has the right to use her medical and mental health histories to rebut

1    Plaintiff's claim that Defendant caused her emotional distress.  However, Plaintiff

2    argues it only seeks garden variety emotional distress damages that do not require

3    any corroboration by medical records, therefore, Plaintiff has not placed any

4    medical or psychological condition at issue in the case.

5        In its initial disclosures, Plaintiff stated it seeks "compensation for past and

6    future nonpecuniary losses resulting from the unlawful practices including garden

7    variety emotional pain, suffering, and loss of enjoyment of life."  ECF No. 22-3 at

8    268.  Courts have generally found that "garden variety" emotional distress claims

9    do not place a plaintiff's mental state at issue.  *See, e.g.*, *Angelo v. Thomson Int'l,*

10   *Inc.*, 2024 WL 3202513, at *2 (E.D. Cal. June 27, 2024); *In re 3M Combat Arms*

11   *Earplug Prods. Liab. Litig.*, 2020 WL 4043311, at *4 (N.D. Fla. July 17, 2020);

12   *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 600 (D. Nev. 2016).  Here, the

13   Court finds Plaintiff's general claims of emotional distress are of a garden variety.

14   Plaintiff has not placed Ms. Ebert's mental state at issue such as by claiming severe

15   emotional distress or asserting a cause of action directing implicating her mental

16   health such as intentional infliction of emotional distress.  *See Koch v. Cox*, 48

17   F.3d 384, 390 (D.C. Cir. 2007) ("Where a plaintiff merely alleges 'garden variety'

18   emotional distress and neither alleges a separate tort for the distress, any specific

19   psychiatric injury or disorder, or unusually severe distress, that plaintiff has not

20   placed his/her mental condition at issue . . . .").  Nor did Ms. Ebert's deposition

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND
EXHIBIT LISTS ~ 23

testimony to other life stressors implicate her medical records in such a way to place her mental health at issue. However, the full scope of Ms. Ebert's testimony as to her mental health is not completely clear. Therefore, the Court **reserves** ruling on this issue until trial. Should the Defense believe Plaintiff's testimony has rendered evidence of her mental health history relevant, they shall raise the issue outside the presence of the jury.

10. Motion *in Limine* No. 11

Plaintiff requests that Defendant be prohibited from making any remarks or arguments that any of Ms. Ebert's conduct at the upcoming trial supports Defendants argument that she was not qualified and could not perform the essential elements of the non-escrow position with Covius in March 2020. Defendant does not object, therefore, the Court **grants** Plaintiff's motion and will also permit a limiting instruction to the jury to disregard any symptoms Ms. Ebert may display during trial if they occur.

11. Motion *in Limine* No. 12 (ECF No. 55)

Plaintiff requests that Defendant be prohibited from making any argument or insinuation or attempt to solicit testimony that Ms. Ebert's use of her prescription medication is or was illegal or illicit. Defendant does not object, therefore, the Court **grants** Plaintiff's motion.

1    **II. Objections to Witness Lists**

2        Both Plaintiff and Defendant object to portions of each other's witness lists.

3    **a. Plaintiff's Objections**

4        Plaintiff's objection to certain witnesses are those that have already been

5    excluded from testifying by the Court in ECF No. 68.  Plaintiff's objections to the

6    testimony of Michelle Steinmetzer, Madelyn Gerety, Wesley Hibbits, Jennifer

7    Vaccaro, and Denise Thornton are **overruled as moot**.

8        Plaintiff objects to Defendant's election to present Anne Thom's testimony

9    through deposition designation rather than through live testimony.  As explained in

10   a prior ruling (ECF No. 72), the Court cannot force an unwilling witness to testify

11   that is outside the Court's subpoena power.  The Court overrules this objection so

12   long as Defendant only relies on Thom's deposition testimony.  If Defendant

13   decides to produce Thom for live testimony, Plaintiff will have the opportunity to

14   elicit testimony on cross-examination.  *See R.B. Matthews, Inc. v. Transamerica*

15   *Transp. Servs., Inc.*, 945 F.2d 269, 273 (9th Cir. 1991) ("The district court did not

16   abuse its discretion when it forced [the defendant] to rely on deposition testimony

17   as well.  If [the defendant] had truly wished to present the live testimony of White

18   and Reed, it could have done so by making those witnesses available when [the

19   plaintiff] requested that they be produced.").  This applies to any of the witnesses

20

on Defendant's witness list outside the subpoena power of this Court. The Plaintiff

may still present Thom's deposition testimony. Plaintiff's objection is **overruled**.

**b. Defendant's Objections**

Defendant objects to the scope of testimony of several witnesses.

1. Bryan Gregory Takisaki, DO

Defendant requests that Dr. Takisaki's testimony be restricted pursuant to its

Motion *in Limine* (ECF No. 43). The Court **sustains** Defendant's request pursuant

to its order on Defendant's Motion *in Limine* above.

2. Haleigh Richardson ("Dobson") and Brittany Ostrander

Defendant requests that any testimony of Dobson and Ostrander preclude

any testimony regarding Defendant's decision to not hire Ms. Ebert as discussed in

Defendant's Motion *in Limine* (ECF No. 43). As discussed in the order on

Defendant's Motion *in Limine*, Ostrander can testify as to her discussion with Diaz

pursuant Federal Rule of Evidence 801(d)(2). The testimony of Dobson is

addressed in the Court's ruling on Plaintiff's Motion *in Limine* No. 3.

3. Marcy Tiffany Tupling-Voss

Defendant does not object to Plaintiff calling Marcy Tiffany Tupling-Voss

as a witness but objects to any testimony regarding the interview of Ms. Ebert

since she was not directly involved. Plaintiff responds that it does not intend to

have her testify about the interview but to Defendant's standard business process of working with Aerotek.  Therefore, the Court **sustains** Defendant's objection.

4. <u>Ann Thom</u>

Defendant objects to Thom on the grounds she is outside the subpoena power of the Court.  As per the Court's ruling on Plaintiff's witness objections, Defendant's objection is **sustained in part.**  Plaintiff may still rely on Thom's deposition testimony.

5. <u>Kevin Miller</u>

Defendant objects to Miller on the grounds he is outside of the Court's subpoena power.  The Court addressed testimony related to Miller in its order (ECF No. 72) on Plaintiff's motion to either depose Miller or compel production (ECF No. 58).  Therefore, Defendant's objection is **denied as moot**.

**III.    Objections to Trial Exhibits**

Both Plaintiff and Defendant object to certain exhibits.

**a. Plaintiff's Objections**

Plaintiff objects to the following of Defendant's Exhibits 513, 525, and 526. ECF No. 54.

*1. Exhibit 513*

Plaintiff objects to Defendant's exhibit of the March 5, 2021, Bronwyn Pepple Letter as lacking foundation and under Fed Rules of Evidence 901, 801,

802, 404, and as cumulative of other exhibits.  Defendant has not responded.

Therefore, the Court **sustains** the objection.

### 2. *Exhibits 525 and 526*

Plaintiff objects to the remaining exhibits as incomplete.  Again, Defendant

has not responded to either of these objections.  The Court will **reserve** ruling on

these objections for trial.

### b. **Defendant's Objections**

Defendant objects to the following of Plaintiff's exhibits: 1-3, 6, 9, 10, 12-

15, 19, 25, 31, 32, 34-43, 45-55, 57, 58, 60-62, 67, 69-72, 74-77, and 79-83.  Both

Defendant's objections and Plaintiff's responses are recorded in ECF No. 67.

### 1. *Exhibit 1: 6/3/2019 - Example Transition Letter for Mary Richardson*

Defendant objects for relevance.  Plaintiff argues it is relevant to

Defendant's business practices as far as onboarding and training new hires.  It also

argues it is relevant to Plaintiff's punitive damages claim and request for injunctive

relief.  The Court finds this exhibit relevant and **overrules** the objection for trial

but **reserves** ruling on the exhibit for any post-verdict motion for injunctive relief.

### 2. *Exhibit 2: 7/17/2019 - Dobson to Ebert re Job Opp*

Defendant objects under FRE 401, 402, 403, 801, 802.  Plaintiff asserts it as

admissible for a variety of reasons.  Without the added benefit of the specific

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND
EXHIBIT LISTS ~ 28

context the exhibit will be used in, especially if more than one, the Court cannot rule on its admissibility at this time and **reserves** it for trial.

### 3. Exhibits 3, 6, 9: 8/16/2019; 10/25/2019 and 2/3/2020 - Ebert Medical Records (redacted)

Defendant objects for lack of foundation and authentication. Plaintiff responds it is relevant to Ms. Ebert's status as a person with disabilities and Dr. Takisaki will authenticate it. The Court **overrules** this objection.

### 4. Exhibit 10: 2/10/2020 - Ebert to Dobson re Interview and References

Defendant objects for hearsay. Plaintiff argues it may be used for effect on listener, regularly conducted activity, recorded recollections, and prior consistent statement. Without the added benefit of the specific contexts in which the exhibit will be used, the Court cannot rule at this time and therefore **reserves** it for trial.

### 5. Exhibit 12: 2/26/2020 - Ebert to Dobson re Other Positions

Defendant objects for hearsay. For the reasons stated in the prior objection, the Court **reserves** ruling at this time.

### 6. Exhibit 13: 2/29/2020 - Facebook Comment re Unemployment (redacted)

Defendant objects for relevance and lack of foundation. Plaintiff argues it is relevant and probative of Ms. Ebert's emotional distress and efforts to mitigate her damages. And it may be used to refresh recollection. The Court **reserves** ruling at this time.

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND EXHIBIT LISTS ~ 29

7.  *Exhibits 14, 15, and 19: Bradley Bounds Resume w-Notes; Gilbertson Resume w-Notes; and Rosalee Sharnetsky Resume w-Diaz Notes*

Defendant objects for hearsay and lack of foundation.  Plaintiff argues the resumes are admissible as they are not being offered to prove the truth of the matter asserted and that Diaz and Smelko can testify to its creation.  Diaz's notes on the resumes are also admissible as non-hearsay party opponent statements.  The Court notes that Defendant only objects to the resumes that include Diaz's notes.  Diaz's notes are non-hearsay opponent party statements under FRE 807.  Therefore, the Court **overrules** Defendant's objections.

8.  *Exhibit 25: 3/4/2020 - LaFleur to Diaz re Sharnetsky Interview*

Defendant objects for relevance.  Plaintiff argues it is relevant to Ms. Ebert's status as a qualified individual capable of performing the position of a Non-Escrow Tax Representative I.  Plaintiff also argues it shows Defendant discriminating against another individual with a disability in violation of the ADA which is relevant to motive and intent.  The Court agrees that the exhibit is relevant for the reasons stated.  Defendant's objection is **overruled**.

9.  *Exhibit 31: 3/6/2020 - Dobson to Ebert re Confirmed Interview*

Defendant objects for hearsay.  Plaintiff argues it is not being offered for the truth of the matter asserted but is admissible as a regularly conducted activity, recorded recollections, and as a prior consistent statement.  Without the benefit of

ORDER ON MOTIONS *IN LIMINE* & OBJECTIONS TO WITNESS AND EXHIBIT LISTS ~ 30

the context in which the exhibit will be used, the Court **reserves** ruling on this objection at this time.

### 10. Exhibit 32: 3/6/2020 - Dobson to Ebert re Interview

Defendant objects for hearsay.  For the reasons stated in ruling on the previous exhibit, the Court **reserves** ruling at this time.

### 11. Exhibits 34 and 35: 3/6/2020 - Ebert Resume w-Diaz Notes and 3/6/2020 - Ebert Resume w-Diaz-Smelko Notes

Defendant objects for lack of foundation and under FRE 403.  Plaintiff argues Diaz and Smelko can testify to each exhibit's creation and use during Ms. Ebert's interview.  They are also relevant and probative of Ms. Ebert's qualified individual status under the ADA.  The Court agrees and **overrules** Defendant's objection.

### 12. Exhibit 36: Ebert Aerotek Resume (standalone, no notes)

Defendant objects for lack of foundation and under FRE 403.  Plaintiff argues Richardson can testify to its creation.  The resume is relevant to Ms. Ebert as a qualified individual capable of performing the essential jobs of the Non-Escrow Tax Representative I position.  The Court **overrules** Defendant's objection.

//

//

*13. Exhibit 37: 3/12/2020 - Dobson to Ebert re Covius Opportunity*

Defendant objects for relevance, FRE 403, and for hearsay.  Plaintiff argues as it did in its Motion *in Limine* Nos. 2 and 3.  As the Court explained in its rulings on those motions, the email from Dobson to Ebert explaining why she was not hired is admissible under FRE 807.  Defendant's objection is **overruled**.

*14.  Exhibits 38 and 39: 3/25/2020 - Ostrander to Diaz re Sharnetsky;*
*5/6/2020 - Parker to Ostrander, Diaz, Smelko re Sharnetsky*

Defendant objects for relevance and under FRE 403.  Plaintiff argues they are relevant to Ms. Ebert's status as a qualified individual capable of performing the essential functions of the Non-Escrow position, and they are evidence of discrimination against Ms. Sharnetsky which goes to motive and intent.  The Court finds the exhibits relevant and **overrules** Defendant's objections.

*15. Exhibits 40, 41, and 42: 5/19/2020 - Ebert Hardship Letter; 5/27/2020 -*
*Account Inquiry Email; and 6/14/2020 - ULP Declaration*

Defendant objects for relevance and under FRE 403.  Plaintiff argues the exhibits are relevant and probative to Ms. Ebert's emotional distress and attempt to mitigate damages.  Without the added benefit of the specific context in which the exhibits will be offered, the Court will **reserve** ruling on these objections at this time.

1     *16. Exhibits 43, 45, 46, 47: 7/10/2020 - Ebert Medical Records (redacted);*

2     *8/17/2020 - Takisaki Accommodation Letter; 10/23/2020 - Ebert Medical*

3     *Records (redacted); and 12/18/2020 - Ebert Medical Records (redacted)*

4     Defendant objects as lacking foundation and authentication and relevance.

5 As Ms. Ebert's treating physician, Dr. Takisaki, can authenticate the exhibits, the

6 Court finds the medical records and accommodation letter relevant and admissible.

7 Defendant's objections are **overruled**.

8     *17. Exhibits 48, 49, 50: 2/17/2021 - Dobson to LaFleur re Ebert Offer not*

9     *Received; 2/18/2021 - Dobson to LaFleur re Feedback on Ebert; and*

10     *2/19/2021 - Lafleur to Cometa-Fasanello re Job Opp*

11     Defendant objects for relevance, hearsay and under FRE 403. Without the

12 added benefit of the specific context in which these exhibits will be used, the Court

13 will **reserve** ruling on them at this time.

14     *18. Exhibits 51, 52, 53, 54, 55, 57: 2/23/2021 - Cometa-Fasanello to Lafleur*

15     *re Drug and Background Start; 2/25/2021 - Dobson to Cometa-*

16     *Fasanello re Job Description; 2/25/2021Thom to Cometa-Fasanello re*

17     *Sent Invite for Interviews; 3/2/2021 - Dobson to Cometa-Fasanello re*

18     *Job Opportunity; 3/5/2021 - Covius Position Statement; and 1/3/2022 -*

19     *Hibbitts to Lafleur re Ebert Covius Case*

20

Defendant objects to these exhibits including relevance, hearsay, lack of foundation and under FRE 403.  The Court will **reserve** ruling on these objections for trial.

*19. Exhibits 58, 60: 1/3/2022 – Salesforce; and 1/19/2022 – Salesforce*

Defendant objects for relevance and under FRE 403.  Without the added benefit of context, the Court will **reserve** ruling on these objections.

*20. Exhibits 61, 62: 5/27/2022 - Covius's Response to EEOC's RFI;*

*5/27/2022 - Covius's Response to EEOC's RFI*

Defendant objects to both exhibits for relevance and under FRE 403 and additionally for hearsay for Exhibit 62.  Without the added benefit of context, the Court will **reserve** ruling on these objections.

*21. Exhibit 67: 1/2/2024 - Employee Distribution (Rog. 1)*

Defendant objects for relevance, lack of foundation, and under FRE 403. Plaintiff has not explained the basis for authentication, therefore, the Court **reserves** ruling on this objection.

*22. Exhibit 69: 9/24/2024 - Def Obj and Resp to EEOC's First Requests for*

*Admission*

Defendant objects for relevance and under FRE 403.  Plaintiff argues it is relevant and probative of the size of Defendant's operations, its claim for punitive damages, and for its post-verdict motion for injunctive relief.  Without the added

benefit of what specific objections and responses Plaintiff seeks to admit, the Court must **reserve** ruling on this objection.

*23. Exhibits 70, 72:*

Defendant objects for relevance and under FRE 403.  Plaintiff argues these exhibits are relevant to Defendant's practices for training managers, including on the ADA.  The Court finds them relevant and **overrules** Defendant's objections.

*24. Remaining Exhibits*

The Court will reserve ruling on the remaining objections to Plaintiff's exhibits for trial.

**c.  Plaintiff's Objections and Counter-Designations of Certain Deposition Testimony**

Plaintiff has filed a plethora of objections and counter-designations to Defendant's designations of testimony for: Andrea Marie Diaz (ECF No. 61); Brittany Ostrander (ECF No. 62); Haleigh Dobson Richardson (ECF No. 63); J. Alan Smelko (ECF No. 64); Anne Thom (ECF No. 65); and Marcy Tupling-Voss (ECF No. 66).  The Court's rulings on the parties' motions *in limine* and other objections may have addressed some of these objections.  Therefore, the Court will **reserve** ruling on these objections for trial.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion *in Limine*, ECF No. 43, is **GRANTED IN PART**.

2. The parties' Stipulated Motion *in limine*, ECF No. 46, is **GRANTED**.

3. Plaintiff's Motion *in Limine* No. 2, ECF No. 48, is **GRANTED**.

4.  Plaintiff's Motion *in Limine* No. 3, ECF No. 49, is **GRANTED.**

5. Plaintiff's Motion *in Limine* No. 4, ECF No. 50, is **GRANTED**.

6. Plaintiff's Motion *in Limine* No. 5, ECF No. 51, is **GRANTED**.

7. Plaintiff's Motion *in Limine* No. 6, ECF No. 52, is **GRANTED**.

8. Plaintiff's Motions *in Limine* No. 7-11, ECF No. 53, are **GRANTED IN PART**.

9. Plaintiff's Motion *in Limine* No. 12, ECF No. 55, is **GRANTED**.

10. Plaintiff's Objections to Defendant's Witnesses and Exhibits, ECF No. 54, are **GRANTED IN PART AND DENIED IN PART**.

11. Defendant's Objections to Plaintiff's Witnesses and Exhibits, ECF No. 45, are **GRANTED IN PART AND DENIED IN PART**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED January 10, 2025.



THOMAS O. RICE
United States District Judge