Roberta L. Steele, Regional Attorney
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave, 5th Floor W
P.O. Box 36025
San Francisco, CA 94102

Damien A. Lee, Assistant Regional Attorney
Amos B. Blackman, Senior Trial Attorney
Gregory A. Hitzel, Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 576-3029
Email: gregory.hitzel@eeoc.gov

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>                      Plaintiff,<br>v.<br>COVIUS SERVICES, LLC,<br>                      Defendant. | No. 2:23-CV-00186-TOR<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE EXHIBIT AND RELATED TESTIMONY |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND RELATED TESTIMONY - 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

## I. INTRODUCTION

Plaintiff Equal Opportunity Employment Commission ("EEOC") opposes Defendant Covius Services, LLC's belated Motion to Strike Exhibit 37 (ECF No. 108), Haleigh Dobson's March 12, 2020 email (now known as "Haleigh Richardson") to Kelli Ebert stating that Defendant rejected her because of her use of prescription pain medication to manage her disabilities, and witness testimony related to that email. There is no basis for reconsideration of the Court's Order determining that Exhibit 37 and related testimony met the threshold for admissibility under Fed. R. Evid. 807. (*See* Court's Order, ECF No. 92 at pp. 13-19). A review of the procedural history of this case will show that Defendant failed to respond to the EEOC argument that Dobson's email and related testimony are admissible under Fed. R. Evid. 807 by the December 26, 2024 response deadline. (*See* ECF Nos. 48 and 49, EEOC's motions in limine, and ECF No. 69, Defendant's Opposition). Defendant also chose not to address the EEOC's argument that Dobson's email and related testimony were admissible under the residual hearsay exception rule at the final pretrial conference on January 8, 2025. (ECF No. 90, Minute Order).

On January 10, 2025, this Court definitively ruled on the admissibility of Plaintiff's Exhibit 37 and related testimony by granting both of the EEOC's two affirmative motions in limine based on Rule 807. Finally, this Court entered Exhibit 37 into the record on the first day of this jury trial on January 21, 2025 and Defendant did not object, several witnesses have already testified to this March 12,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND RELATED TESTIMONY - 2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

1  2020 email, and the jury has already seen this exhibit. (ECF No. 107, Minute
2  Entry, Haleigh Dobson, Brittany Ostrander).

3  Despite notice of the EEOC's admissibility arguments regarding Dobson's
4  email on December 10, 2024 and this Court's rulings on January 10 and 21, 2025,
5  Defendant filed this motion to exclude on the evening of January 21, 2025. The
6  EEOC respectfully requests that this Court find that there is no basis for
7  challenging its January 10 and 21, 2025 rulings on the admissibility of Exhibit 37
8  and related testimony. Alternatively, the EEOC requests that the Court find that
9  Defendant has forfeited its ability to challenge the admissibility of Dobson's email.
10 *See Altman v. County of Santa Clara*, No. 21-15602, 2023 WL 33345 at *2 (9th
11 Cir. Jan. 4, 2023). Excluding Exhibit 37 and related testimony at this point would
12 be highly prejudicial to the EEOC. The EEOC requests that this Court deny
13 Defendant's Motion to Strike Exhibit 37 and related testimony.

14

15 **II. FACTUAL BACKGROUND**

16  In December 2024, Plaintiff EEOC moved *in limine* for admission of Exhibit
17 37 on three specific grounds: (1) Dobson's March 12, 2020 email was admissible
18 for purposes other than the truth of the matter asserted; (2) the same email was
19 admissible as a business record under Fed. R. Evid. 803(6); and (3) Dobson's
20 email was admissible under Fed. R. Evid. 807. (ECF No. 48). Defendant's opposed
21 Plaintiff's motion but only on the first ground and did not address Plaintiff's
22 argument concerning admission of Exhibit 37 under Fed. R. Evid. 807. (ECF No.
23 69). On January 8, 2025, this Court held a pretrial conference and the parties

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE AND RELATED
TESTIMONY - 3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

argued, among other things, Plaintiff's motion *in Limine* No. 2. At no time did Defendant oppose Plaintiff's motion on the grounds that it did not qualify under the residual hearsay exception.

Prior to trial, this Court granted Plaintiff's motion and found that Exhibit 37 was admissible pursuant to Fed. R. Evid. 807. (ECF No. 92 at 18). The Court concluded that the email was sent in the regular course of business, there were two witnesses who would testify at trial as to this business practice, and it was Aerotek's regular practice for its employees to send and receive emails such as Exhibit 37 with potential candidates. (*Id.* at 17:12-16). The Court further found that the email is more probative of Defendant's alleged discrimination than any other evidence offered by Plaintiff especially since Ostrander no longer recalls her conversation with Diaz. (ECF No. 92 at 18:6-9).

On the first day of trial, Plaintiff moved for admission of Exhibit 37 and Defendant did not object. Multiple witnesses having already testified and the jury has repeatedly viewed Dobson's March 12, 2020 email.  (ECF No. 107, Minute Entry, Haleigh Dobson, Brittany Ostrander).

**III. ARGUMENT**

**A. Exhibit 37 Provides Indicia of Trustworthiness and That Remains Unchanged by Dobson's Trial Testimony Because She Provided Necessary Foundation.**

Per Fed. R. Evid. 803(6), a record of an act, event, condition, opinion, or diagnosis is an exception to the rule against hearsay if:

(A) The record was made at or near the time by -- or from information

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND RELATED TESTIMONY - 4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

1         transmitted by – someone with knowledge;

2   (B) The record was kept in the course of a regularly conducted activity of a

3         business, organization, occupation, or calling, whether or not for profit;

4   (C) Making the record was a regular practice of that activity;

5   (D) All these conditions are shown by the testimony of the custodian or

6         another qualified witness, or by a certification that complies with Rule

7         902(11) or (12) or with a statute permitting certification; and

8   (E) The opponent does not show that the source of information or the method

9         or circumstances of preparation indicate a lack of trustworthiness.

As the Ninth Circuit stated in *U.S. v. Scholl*, "a party need not prove that business records are accurate before they are admitted." *U.S. v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999). "Generally, objections that an exhibit may contain inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence." *United States v. Keplinger*, 776 F.2d 678, 694 (7th Cir. 1985); *see United States v. Hudson*, 479 F.2d 251, 243 (9th Cir. 1972) (finding that whether a selective service file in draft prosecution was full and complete goes towards weight not admissibility).

As the Supreme Court noted, "[t]he residual hearsay exception . . . accommodates ad hoc instances in which statements not otherwise failing within a recognized hearsay exception might nevertheless be sufficiently reliable to be admissible at trial." *Idaho v. Wright*, 497 U.S. 805, 817 (1990). Regarding "particularized guarantees of trustworthiness," the Court also noted that the "relevant circumstances include only those that surround the making of the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND RELATED TESTIMONY - 5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

statement and that render the declarant particularly worthy of belief." *Id.* at 819. The Ninth Circuit has reiterated that "[h]earsay evidence sought to be admitted under Rule 807 must have circumstantial guarantees trustworthiness equivalent to the listed exceptions to the hearsay rule." *U.S. v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998).

Though this Court found Exhibit 37 did not quite fit into the business records exception, it found that it bears sufficient guarantees of trustworthiness to warrant admission and the trial testimony of Dobson has supported the Court's ruling. Dobson, a former employee of Aerotek with no stake at trial (and thus no reason to be inaccurate), laid a foundation for Exhibit 37 providing an explanation for why she wrote an email to Ebert on March 12, 2020. As she testified to during her deposition, she reiterated that her source of information was either Madelyn Gerety or Brittany Ostrander, both Aerotek employees, and that she relayed what she heard to Ebert. When Defendant cross-examined Dobson, she affirmatively stated that the feedback she was relaying was that Covius denied Ebert the opportunity because she was taking painkillers, and Ebert would not have been able to pass Covius's drug screen. When asked whether she heard that Covius would not hire Ebert because Ebert took pain medication or if Dobson fabricated the statement, Dobson affirmatively stated that was the feedback she received.

Defendant was free to cross-examine Dobson concerning the reliability of such a communication and it has done so. While Dobson noted it was *possible* that she could have misheard information she relayed, Defendant has presented no evidence showing Dobson actually misheard what Gerety or Ostrander relayed.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND RELATED TESTIMONY - 6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

Also, while Defendant apparently takes issue with the delay of Dobson's feedback via email to Ebert, the Court determined that Dobson sent it in the regular course of business, and it was the regular practice of Aerotek to send such communications to potential candidates. (ECF No. 92 at 17:12-15.)

### B. Alternatively, Defendant Forfeited Its Ability to Challenge the Admissibility of Dobson's Email Under Rule 807.

Defendant's decision not to address the EEOC's Rule 807 arguments about the admissibility of Exhibit 37 (and related testimony) should lead to forfeiture of its ability to challenge the Court's prior rulings now.

The Ninth Circuit found that a plaintiff who ignored multiple opportunities to address a possible defense of mootness by claiming nominal damages, forfeited his ability to raise this argument. *Altman*, No. 21-15602, 2023 WL 33345 * 1. The Ninth Circuit noted, "Altman did not raise the argument at the May 20, 2020 district court hearing or within the supplemental briefing that the district court then ordered on the issue of mootness." *Id*. Like Altman, Defendant Covius ignored three opportunities to respond to the EEOC's Rule 807 arguments about the admissibility of Exhibit 37 and related testimony. Its repeated failure to do so until this instant motion to strike should constitute a forfeiture of its right to challenge the Court's prior rulings.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND RELATED TESTIMONY - 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

### C. To Grant Defendant's Motion to Strike Would Cause Unfair Prejudice to Plaintiff and Could Constitute Grounds for a Mistrial

Exhibit 37 is one of the Plaintiff's most probative evidence of Defendant's alleged discrimination. The jury has already seen Exhibit 37 and the parties have already questioned Dobson, Ostrander, Diaz and Smelko concerning the circumstances of its creation. To retroactively deem this Exhibit 37 inadmissible will prejudice the EEOC in its case presentation because the jury will not be able to ignore the testimony about this exhibit that they have already heard. No curative instruction will be sufficient, and there is no basis for excluding this pivotal exhibit, one of the few reliable contemporaneous records of the events in March 2020.

## II. CONCLUSION

This Court should deny Defendant's belated motion to strike Exhibit 37 and all testimony concerning it.

DATED this 23d day of January, 2025.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | KARLA GILBRIDE<br>General Counsel |
| DAMIEN A. LEE<br>Assistant Regional Attorney | CHRISTOPHER LAGE<br>Deputy General Counsel |
| AMOS B. BLACKMAN<br>Senior Trial Attorney | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |
| GREGORY A. HITZEL<br>Senior Trial Attorney | |

By: /s/ Damien A. Lee

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND RELATED TESTIMONY - 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 576-3038
Email: damien.lee@eeoc.gov

Attorneys for Plaintiff EEOC

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND RELATED TESTIMONY - 9

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served the foregoing on the following persons by the following means:

| | |
|---|---|
| __X__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | Email |

1. Suzanne Michael
   Jeremy F. Wood
   Sieu Che
   Fisher & Phillips LLP
   1700 7th Avenue, Suite 2200
   Seattle, WA 98101-4416
   smichael@fisherphillips.com
   jwood@fisherphillips.com
   sche@fisherphillips.com
   *Attorneys for Defendant*

DATED this 23d day of January, 2025.

*/s/ Damien A. Lee*
Damien A. Lee
Assistant Regional Attorney

CERTIFICATE OF SERVICE

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882